

1  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   SROTHSCHILD@KHPSLAW.COM
3  1900 AVENUE OF THE STARS, 25TH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
4  TELEPHONE: (310) 282-8989
   FACSIMILE: (310) 282-8903
5
   Attorneys for Plaintiff and Counter-
6  Defendant Tom Whalley, Trustee of
   the Afeni Shakur Trust
7
8                  UNITED STATES DISTRICT COURT
9
           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10
11
   TOM WHALLEY, TRUSTEE OF THE          CASE NO. CV 17-3445 FMO (MRWx)
12 AFENI SHAKUR TRUST,                  [Hon. Fernando M. Olguin]

13                    Plaintiff,        **PLAINTIFF'S EX PARTE**
                                        **APPLICATION TO STRIKE**
14        vs.                           **MOTION FOR SUMMARY**
                                        **JUDGMENT OR, IN THE**
15 GHOBAD M. RAHIMINEDJAD aka           **ALTERNATIVE, FOR LEAVE TO**
   GOBI M. RAHIMI, an individual, and   **OPPOSE MOTION**
16 DOES 1 through 10, inclusive,

17                    Defendant.

18
                                        Action Commenced: May 5, 2017
19 _____          Trial:            July 24. 2018

20 AND RELATED COUNTERCLAIM

21 _____

22        TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND

23 THEIR ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that plaintiff Tom Whalley, Trustee of the Afeni

25 Shakur Trust (the "Trust"), hereby applies, *ex parte*, for an order striking the

26 untimely motion for summary judgment (the "Motion") of defendant Ghobad M.

27 Rahiminedjad, aka Gobi M. Rahimi ("Rahimi") or, in the alternative, for leave to

28 oppose the Motion.

3982.066/1331438.1

The grounds for this application are as follows:

1.      The Motion is untimely, filed on July 13, 2018, after the July 12, 2018, deadline that this Court set for filing motions for summary judgment;

2.      Rahimi prevented the Trust from completing its opposition to the Motion by failing and refusing to provide to the Trust a complete and executed copy of his declaration until the afternoon of July 12, 2018, and before that to respond to the Trust's requests for the signed declaration;

3.      Rahimi's declaration filed in support of the Motion is different in substance from the incomplete unsigned declaration that he provided to the Trust in advance of the time for the Trust to file its opposition;

4.      Rahimi prevented the Trust from completing its opposition to the Motion by failing and refusing to provide all of the exhibits to the Motion until the afternoon of July 12, 2018, and before that to respond to the Trust's requests for all of the exhibits;

5.      Rahimi has submitted exhibits in support of the motion that he did not provide to the Trust before the afternoon of July 12, 2018;

6.      The separate statement of undisputed facts that Rahimi filed in support of the Motion is substantially different from the separate statement that Rahimi provided to the Trust before filing the Motion;

7.      Rahimi prevented the Trust from completing its opposition to the Motion by failing and refusing to provide the signed declaration of Ronald Sittler to the Trust until the afternoon of July 12, 2018, and before that to respond to the Trust's requests for the declaration;

8.      The Motion includes a request for judicial notice that Rahimi did not provide to the Trust in advance of filing the Motion; and

9.      The evidentiary citations in the memorandum of points and authorities in support of the Motion that Rahimi provided to the Trust in advance of filing the Motion were incomplete.

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/1331438.1

2

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1       This application will be based on this application, the attached memorandum

2   of points and authorities and declaration of Stephen D. Rothschild, the Court's file

3   herein, and on such other matter as may be presented at any hearing on the

4   application.

5   DATED:    July 16, 2018    KING, HOLMES, PATERNO &

6       SORIANO, LLP

7

8       By:     ss/ Stephen D. Rothschild

9       HOWARD E. KING

10      STEPHEN D. ROTHSCHILD

    Attorneys for Plaintiff and Counter-

11  Defendant Tom Whalley, Trustee of

12  the Afeni Shakur Trust

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This application is to strike defendant Ghobad M. Rahiminedjad, aka Gobi M. Rahimi's ("Rahimi") motion for summary judgment (the "Motion") filed shortly after midnight July 13, 2018 or, in the alternative, for leave to oppose the Motion. The grounds for the application are as follows:

1.    The Motion is untimely, filed on July 13, 2018, after the July 12, 2018, deadline that this Court set for filing motions for summary judgment;

2.    Rahimi prevented plaintiff Tom Whalley, Trustee of the Afeni Shakur Trust (the "Trust") from completing its opposition to the Motion by failing and refusing to provide to the Trust a complete and executed copy of his declaration until the afternoon of July 12, 2018, and before that to respond to the Trust's requests for the signed declaration;

3.    Rahimi's declaration filed in support of the Motion is different in substance from the incomplete unsigned declaration that he provided to the Trust in advance of the time for the Trust to file its opposition;

4.    Rahimi prevented the Trust from completing its opposition to the Motion by failing and refusing to provide all of the exhibits to the Motion until the afternoon of July 12, 2018, and before that to respond to the Trust's requests for all of the exhibits;

5.    Rahimi has submitted exhibits in support of the motion that he did not provide to the Trust before the afternoon of July 12, 2018;

6.    The separate statement of undisputed facts that Rahimi filed in support of the Motion is substantially different from the separate statement that Rahimi provided to the Trust before filing the Motion;

7.    Rahimi prevented the Trust from completing its opposition to the Motion by failing and refusing to provide the signed declaration of Ronald Sittler to the Trust until the afternoon of July 12, 2018, and before that to respond to the

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1

4

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1    Trust's requests for the declaration;

2       8.     The Motion includes a request for judicial notice that Rahimi did not

3    provide to the Trust in advance of filing the Motion; and

4       9.     The evidentiary citations in the memorandum of points and authorities

5    in support of the Motion that Rahimi provided to the Trust in advance of filing the

6    Motion were not complete.

7    **II.**     **STATEMENT OF FACTS**

8       **A.**     **The Instant Action**

9       The Trust filed this case against Rahimi in the Los Angeles Superior Court for

10   the State of California on May 6, 2017. (Declaration of Stephen D. Rothschild

11   ("Rothschild Decl."), ¶ 4. Afeni Shakur, who died in 2016, was Tupac Amaru

12   Shakur's ("Shakur") mother. The Trust holds and manages all of her assets,

13   including all assets related to Shakur, either directly or through its wholly-owned

14   entity, Amaru Entertainment, Inc. ("Amaru"). *Id.*, ¶ 3. Rahimi removed the case to

15   this Court on May 8, 2018. *Id.*, ¶ 4.

16       In its complaint the Trust alleged causes of action for declaratory relief,

17   breach of contract, and an accounting. In 1996, before Shakur's murder in

18   September of that year, Shakur, Rahimi and another person, Tracy Robinson

19   ("Robinson"), agreed to create the behind-the-scenes video footage and photographs

20   (the "Materials") and use them to produce a documentary concerning Shakur

21   through a production company that they formed together, with Shakur owning 60%

22   and Rahimi and Robinson each owning 20% (the "Agreement"). Shakur arranged

23   for Rahimi and Robinson to have access to his home, recording studio and music

24   video productions to create the Materials for use in the Documentary and other

25   projects. A substantial portion of the Materials were created as words for hire for

26   Shakur's record label, Interscope Records, which later transferred ownership of the

27   material to the Estate of Tupac Shakur. *Id.*, ¶ 5.

28       Most recently, in 2017, Rahimi breached the Agreement by licensing the

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/1331438.1                 5

1  photographs from the Materials for use in the HBO documentary *The Defiant Ones*

2  without acknowledging the Trust's co-ownership of the Materials or paying the

3  Trust its share of the proceeds from that license. *Id.*, ¶ 6.

4       The Trust seeks a declaration that the it is a co-owner of the Materials,

5  damages for breach of contract, and an accounting. *Id.*, ¶ 7.

6  **B.    The Parties' Efforts to Settle This Case and Agreement to Defer
          Filing Rahimi's Motion for Summary Judgment**

7

8       The Trust recognizes that Rahimi has an interest in the Materials, but that he

9  cannot exploit them because he has no rights to Shakur's name and likeness, which

10  the Trust holds in Amaru. The Trust and Rahimi's attorneys recognize that victory

11  in this case for Rahimi would be hollow at best because, without any right to use

12  Shakur's name and likeness, and without the Trust's support and participation, he

13  cannot exploit the Materials or grant any third party the right to do so. *Id.*, ¶ 8.

14       Therefore, the Trust and Rahimi's attorneys have made extraordinary efforts

15  to settle this case. They participated in a lengthy mediation on February 8, 2018,

16  after which the mediator followed up with the parties on multiple occasions,

17  including as recently as July 13, 2018. They repeatedly stipulated to continue the

18  deadline for filing motions for summary judgment to allow time for additional

19  discussions and promote the likelihood of settlement by reducing litigation

20  expenses. Counsel were in frequent contact and spent a great deal of time exploring

21  settlement possibilities. *Id.*, ¶¶ 9, 10.

22       On June 25, 2018, this Court granted a final extension of the deadline to file

23  motions for summary judgment, to July 12, 2018. [DE 36] Thereafter, counsel

24  conducted near-daily settlement discussions, exchanging multiple written proposals

25  and counterproposals. Counsel for the Trust spent many hours conferring with the

26  Trust and drafting the Trust's proposals in addition to the time spent conferring with

27  Rahimi's counsel. Over the past months and weeks, Rahimi's demands repeatedly

28  changed and expanded and he changed agreements to his counsel communicated to

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/1331438.1                            6
PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1    specific terms, but discussions continued. *Id.*, ¶ 11.

2         Finally, by the week of July 2, 2018, it appeared that the parties were very

3    close.  They exchanged detailed proposals which nearly eliminated areas of

4    disagreement. *Id.*, ¶ 12.  Counsel for both parties expressed optimism that the

5    matter would settle.  On July 9, 2018, counsel herein and Rahimi's transactional

6    attorney participated in a lengthy conference call during which it appeared that they

7    had bridged the last gap.  They were close to agreement on the amount of a

8    settlement payment from the Trust to Rahimi, had agreed to other financial terms,

9    and were close on the other material elements of the settlement, including a scheme

10   for Rahimi to use Tupac's name and likeness to sell what he described as "fine art"

11   prints of certain photographs of Tupac with the Trust's support and participation.

12   During that call, counsel for both parties agreed that, in what they believed was the

13   unlikely event that the case did not settle, and to encourage settlement, the Trust

14   would provide to Rahimi's counsel the Trust's portion of Rahimi's motion for

15   summary judgment by noon on July 12, 2018, so that it could be filed on that day, if

16   necessary. *Id.*, ¶ 13.

17        Then, on the afternoon of July 10, 2018, Rahimi's counsel transmitted what

18   the Trust had expected to be Rahimi's final settlement proposal bridging the gap.

19   Instead, Rahimi demanded a significant increase in the monetary component of the

20   settlement and rejected conditions for his use of Tupac's name and likeness to which

21   his counsel had expressed agreement.  The Trust deemed Rahimi's suddenly-

22   increased demand and rejection of what counsel had agreed were reasonable

23   controls on Rahimi's use of Tupac's name and likeness to be in bad faith.

24   Therefore, after devoting far more time to settlement negotiations than completing

25   the already substantially completed opposition to the Motion would have required,

26   and enormous attention and effort by the Trust and its counsel, the Trust terminated

27   settlement discussions. *Id.*, ¶ 14.

28   / / /

King, Holmes,
Paterno &
Soriano, LLP

3982.066/1331438.1                                7
PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

**C.    The Trust's Inability to Complete Its Opposition to the Motion Due to Rahimi's Failure and Refusal to Provide Its Completed Portions of the Motion**

The Trust's counsel immediately set to work to complete the Trust's already substantially completed opposition to the Motion. *Id.*, ¶ 15.  However, counsel for the Trust still had not received executed versions of the declarations in support of Rahimi's motion or all of the exhibits cited in the Motion.  Beginning the morning of July 11, 2018, the Trust's counsel texted, emailed and left voicemail messages for Rahimi's counsel asking for the missing documents.  In addition, the memorandum of points and authorities that counsel had provided did not have completed evidentiary citations, and the caption referred to a request for judicial notice that Rahimi had not provided to the Trust.  The incomplete citations and absence of the request for judicial notice were not insurmountable obstacles; however, the absence of final declarations and exhibits were.  *Id.*, ¶ 16 and Ex. 1.

Counsel for Rahimi did not respond to any of the Trust's counsel's efforts to contact him on July 11, 2018.  *Id.*, ¶ 18.  Finally, at 9:15 p.m. on July 11, 2018, counsel for the Trust emailed counsel for Rahimi that there now would be insufficient time to complete the Trust's portions of the Motion unless he received the missing documents immediately, and that without them the Trust would have to stop work on its portions.  *Id.*, ¶ 19 and Ex. 2.  (Of course, at that point counsel for the Trust did not know how extensively the final papers in support of the Motion differed from the drafts that he had received from Rahimi's counsel.  *Id.*, ¶ 17.) Counsel for the Trust checked his email late the night of July 11, 2018, and early the morning of July 12, 2018, and received no response.  *Id.*, ¶ 19.  Finally, at 7:58 a.m. on July 12, 2018, counsel for the Trust notified counsel for Rahimi that the Trust had stopped work on the opposition, as follows:

Ron:

> I have stopped work on completing our portion of the motion for summary judgment.  I tried to reach you yesterday concerning the missing elements of your

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/1331438.1                                          8
PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

motion, but was unsuccessful. Without those elements I cannot finalize our portion, and there no longer is time to do so. I last tried to contact you at 9:14 p.m. last night (email below), and checked late last night and early this morning for a response, but received none. The missing elements are as follows:

1.   Final, signed Rahimi declaration

2.   Final signed Sittler declaration.

3.   Exhibit 46 referenced in paragraph 17 of the unsigned Rahimi decl. and Fact Nos. D-23 to 28.

4.   Exhibit 49 referenced in paragraph 8 of the Rahimi decl. and Fact No. D-5.

5.   Exhibit 47 referenced in paragraph 8 of the Rahimi decl. and Fact No. D-6.

6.   The separate statement, Fact No. D-14, cites paragraph 28 of the Rahimi declaration, which does not exist in the unsigned declaration.

7.   Fact No. D-37 cites paragraph 10 of the Sittler declaration, which does not exist, and the fact is not evidenced in paragraph 10 of the Rahimi declaration.

8.   The blanks in Rahimi's portion of the joint memorandum to paragraph cites to the unsigned declarations are not filled in with paragraph cites. I had expected that could be fixed easily, but upon discovering that the separate statement cites paragraphs that do not exist, and noticing that Rahimi's blank signature line is on a separate page from the last page of his declaration, which ends at line 2, I now suspect that at least his unsigned declaration was incomplete.

*Id.*, ¶ 21 and Ex. 3.

Counsel for Rahimi did not acknowledge the Trust's efforts to reach him until noon on July 12, 2018, but in that communication did not address the missing documents. Finally, at 1:26 p.m. on July 12, 2018, counsel for Rahimi emailed Rahimi's missing exhibits. It was not until 2:38 p.m. that counsel for Rahimi emailed the Trust Rahimi's executed declaration. The executed declaration was substantively different from the unsigned declaration that Rahimi had transmitted with the Motion originally. Lastly, at 3:59 p.m., counsel for Rahimi transmitted an executed version of his declaration. *Id.*, ¶ 22, Exs. 4, 5, 6, 8, 10, 11.

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1

9

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1   On the morning of July 13, 2018, counsel for the Trust learned that the

2   Motion had been filed shortly after midnight on July 13, 2018, after the July 12,

3   2018, deadline. *Id.*, ¶ 23.

4   **D.    Substantive Differences Between the Papers that Rahimi Provided the Trust Before Filing the Motion and the Motion**

5

6   The Separate Statement of Undisputed Facts that Rahimi provided before

7   filing the Motion (the "Unfiled SUF") and the statement that Rahimi filed (the

8   "Filed SUF") contain significant substantive differences.  (See Exs. 7, 8.)

9   Fact Nos. D-4, D-37, D-43, D-52 and D-53 from the Unfiled SUF were

10  omitted from the Filed SUF.

11  The evidentiary citations in the Filed SUF to Fact Nos. D-5, D-13, D-15, D-

12  21, D-22, D-31, D-35, D-36, D-37 (which now contains a citation to paragraph 6 of

13  the Sittler declaration, which paragraph does not exist in the previously-provided

14  unsigned declaration or the filed declaration or the signed declaration that eventually

15  was provided), and D-43 had changed.

16  Fact No. D-44 in the Filed SUF appeared in a different place than it did in the

17  Unfiled SUF, where it is part of a longer "fact."  *Id.*, ¶ 24, 25.

18  The filed Rahimi Declaration omitted substantial portions of paragraphs 7, 14

19  and 15, 23, 24, and 26, and all of paragraph 28, that were in the unfiled Rahimi

20  Declaration.  Exs. 10, 11.  Paragraphs 14, 15, 23 and 24 of the filed Rahimi

21  Declaration contained substantial text that was not in the unfiled version.

22  Rothschild Decl., ¶¶ 26-27.

23  The request for judicial notice filed with the Motion was not provided to the

24  Trust before it was filed.  ¶ 28.

25  The filed memorandum of points and authorities, a copy of which is attached

26  to the Rothschild declaration as Exhibit 11, contained evidentiary citations that were

27  not in the unfiled version.

28  / / /

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1

10

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

**III. THIS COURT SHOULD STRIKE THE MOTION BECAUSE IT WAS FILED UNTIMELY AND DUE TO RAHIMI'S FAILURE TO ADHERE TO THE COURT'S SUMMARY JUDGMENT REQUIREMENT BY PROVIDING HIS COMPLETE PORTION OF THE MOTION AND SUPPORTING EVIDENCE UNTIL THE LAST MINUTE, OR ALLOW THE TRUST AN OPPORTUNITY TO OPPOSE THE MOTION**

DE 36 required the parties to file motions for summary judgment by July 12, 2018.  The Motion was filed shortly after midnight July 13, 2018 and, therefore, at least technically was untimely.

This Court's Order Re Summary Judgment Motions [DE 19] (the "MSJ Order") required Rahimi to provide his portions of the Motion well in advance of filing.  When the Trust discovered that portions were missing after Rahimi's new demands prevented settlement, it acted in good faith to try to remedy the situation so that the Motion could be filed timely.  Rahimi failed to respond to the Trust's efforts, making it impossible for the Trust to submit its portions of the Motion.

Paragraph 9(D) of the MSJ Order provided that "The moving party may not make any further revisions to the joint brief other than finalizing the document for filing."  In this case Rahimi made substantive changes to the documents he provided pre-filing, including substantive changes to the Rahimi declaration, adding Rahimi's signature to the Rahimi declaration, substantive changes to the SUF, adding evidentiary citations to the SUF, filing a new request for judicial notice, and adding evidentiary citations to the memorandum of points and authorities.

It took significant time to identify the substantive differences between the unfiled and filed elements of the Motion which were not received until the afternoon of July 12, 2018, hours before the Motion was filed, and would take time to identify the extent to which they change the substance of the Motion and to address those changes, including whether the changes will require additions to the testimonial and documentary evidence supporting the opposition or further investigation. *Id.*, ¶ 30.

**IV. CONCLUSION**

Rahimi's failure to provide complete documents and to respond to the Trust's

King, Holmes, Paterno & Soriano, LLP

3982.066/1331438.1

11

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1  efforts to obtain complete documents prevented the Trust from completing its

2  portions of the Motion.  The Motion then was filed untimely.  Accordingly, the

3  Trust requests that the Court either strike the Motion or allow it a full and fair

4  opportunity to submit its portions of the motion, and to order Rahimi to file a

5  motion, if he wishes to do so, that complies with this Court's MSJ order and allows

6  the Trust a full and fair opportunity to respond.

7  DATED:      July 16, 2018          KING, HOLMES, PATERNO &
                                      SORIANO, LLP
8

9

10                                    By:  ____ss/ Stephen D. Rothschild____

11                                         HOWARD E. KING

12                                         STEPHEN D. ROTHSCHILD
                                      Attorneys for Plaintiff and Counter-
13                                    Defendant Tom Whalley, Trustee of
                                      the Afeni Shakur Trust
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3982.066/1331438.1                                    12

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

**DECLARATION OF STEPHEN D. ROTHSCHILD**

**DECLARATION OF STEPHEN D. ROTHSCHILD**

## DECLARATION OF STEPHEN D. ROTHSCHILD

I, Stephen D. Rothschild, declare:

1.      I am an attorney admitted to practice before this Court and am a partner of King, Holmes, Paterno & Soriano, LLP, attorneys for plaintiff Tom Whalley, Trustee of the Afeni Shakur Trust (the "Trust") herein.  I have personal knowledge of the matters below and could and would testify competently to them if asked.

2.      In addition to representing the Trust in this litigation, my firm is general counsel for the Trust, including the wholly-owned entity through which it owns and manages its assets.  In that capacity, I and other lawyers in my firm have personal knowledge of the Trust's operations and history.

3.      Afeni Shakur, who died in 2016, was Tupac Amaru Shakur's ("Shakur") mother.  The Trust holds all of her assets, including all assets related to Shakur, either directly or through its wholly owned entity, Amaru Entertainment, Inc. ("Amaru.").

4.      The Trust filed this case against Rahimi in the Los Angeles Superior Court for the State of California on May 6, 2017.  Rahimi removed the case to this Court on May 8, 2018.

5.      In its complaint the Trust alleged causes of action for declaratory relief, breach of contract and an accounting.  The factual grounds for the Trust's claims are that, in 1996, before Shakur's murder in September of that year, Shakur, Rahimi and another person, Tracy Robinson ("Robinson"), agreed to create photographs and behind-the-scenes video footage (the "Materials") and use them to produce a documentary (the "Documentary") concerning Shakur through a production company that they formed together, with Shakur owning 60% and Rahimi and Robinson each owning 20% (the "Agreement").  Shakur arranged for Rahimi and Robinson to have access to his home, recording studio and music video productions for the purpose of creating the Materials for use in the Documentary and other projects.  A substantial portion of the Materials were created as words for hire for

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1   Shakur's record label, Interscope Records, which later transferred ownership of the

2   material to the Estate of Tupac Shakur.

3        6.      I am informed and believe that, most recently, in 2017, Rahimi

4   breached the Agreement by licensing the photographs from the Materials for use in

5   the HBO documentary *The Defiant Ones* without acknowledging the Trust's co-

6   ownership of the Materials or paying the Trust its share of the proceeds from that

7   license.  I am aware of this fact through various sources, including Rahimi's

8   deposition testimony that he granted the license and was paid for it.

9        7.      The Trust seeks a declaration that it is a co-owner of the Materials,

10  damages for breach of contract, and an accounting.

11  **A.    The Parties' Efforts to Settle This Case and Agreement to Defer Filing Rahimi's Motion for Summary Judgment**

12

13       8.      The Trust recognizes that Rahimi has an interest in the Materials, but

14  that he cannot exploit them because he has no rights to Shakur's name and likeness,

15  which the Trust owns through Amaru.  Rahimi's attorneys, Ronald Sittler and

16  transactional attorney Michael Crain, have told me they recognize that victory in

17  this case for Rahimi would be hollow at best because, without any right to use

18  Shakur's name and likeness, he cannot exploit the Materials without the Trust's

19  permission and cooperation.

20       9.      Therefore, the Trust and Rahimi's attorneys have made extraordinary

21  efforts to settle this case.  We participated in a lengthy mediation on February 8,

22  2018, after which the mediator followed up with me and, I am informed and believe,

23  Rahimi's lawyers, on multiple occasions.  Most recently, I exchanged emails with

24  the mediator on the afternoon of July 13, 2018, and he told me that he had spoken to

25  Mr. Sittler.  I and Mr. Sittler repeatedly stipulated to continue the deadline for filing

26  motions for summary judgment to allow time for additional discussions and promote

27  the likelihood of settlement by reducing litigation expenses.  We were in regular

28  contact and spent a great deal of time exploring settlement possibilities.  In addition

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1                                    14

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1  to the many hours I spent negotiating with Mr. Sittler, I spent many hours speaking

2  with the Trust about settlement, and I the Trust spent many hours discussing and

3  analyzing the parties' settlement proposals internally.

4       10.    Repeatedly, Rahimi's lawyers brought new issues into the settlement

5  discussions which they stated were at his behest. I can recall very few settlement

6  negotiations in my thirty-year career that involved so many changes in position, and

7  none where the issues were as limited as they are in this case. It was a difficult

8  process, but the Trust hoped to find a resolution that would preserve Shakur's legacy

9  and satisfy Rahimi's demands to the extent they were reasonable.

10       11.    On June 25, 2018, this Court granted a final extension of the deadline

11  to file motions for summary judgment, to July 12, 2018. [DE 36] Thereafter, Mr.

12  Sittler and I conducted near-daily settlement discussions, exchanging multiple

13  written settlement proposals and counterproposals. I spent many hours conferring

14  with the Trust and drafting the Trust's proposals in addition to the time spent

15  conferring with Mr. Sittler. Rahimi's demands repeatedly changed and expanded

16  and he changed his agreement to specific terms, but discussions continued.

17       12.    Finally, by the week of July 2, 2018, it appeared to me and, according

18  to Mr. Sittler, to him as well, that the parties were very close. We exchanged

19  detailed proposals which nearly eliminated areas of disagreement.

20       13.    On July 9, 2018, my partner Howard E. King and I, and Mr. Sittler and

21  Mr. Crain, participated in a lengthy conference call during which I thought we had

22  bridged the last gap. We already had agreed on the amount of a settlement payment

23  from the Trust to Rahimi and on the other material elements of the settlement,

24  including a scheme for Rahimi to use Tupac's name and likeness to sell what he

25  described as "fine art" prints of certain photographs of Tupac, with the Trust's

26  support. The last element was a quality-control mechanism. During that call, Mr.

27  Sittler and Mr. Crain agreed that, in what we now believed was the unlikely event

28  that the case did not settle, and to encourage settlement, the Trust would provide to

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1                15

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1 | Mr. Sittler the Trust's portion of Rahimi's motion for summary judgment by noon
2 | on July 12, 2018, so that it could be filed on that day, if necessary.

3 |      14.    Then, on the afternoon of July 10, 2018, Rahimi's counsel transmitted
4 | what the Trust had expected to be Rahimi's final settlement proposal bridging the
5 | gap.  Instead, Rahimi demanded a significant increase in the monetary component of
6 | the settlement and rejected conditions for his use of Shakur's name and likeness to
7 | which his counsel had expressed agreement.  The Trust deemed Rahimi's suddenly-
8 | increased demand and rejection of what counsel had agreed were reasonable
9 | controls on Rahimi's use of Shakur's name and likeness to be in bad faith.
10 | Therefore, after devoting far more time to settlement negotiations that completing
11 | the already substantially completed opposition to the Motion would have required,
12 | and enormous attention and effort by the Trust and its counsel, the Trust terminated
13 | settlement discussions.

**B.**    **The Trust's Inability to Complete Its Opposition to the Motion Due to Rahimi's Failure and Refusal to Provide Its Completed Portions of the Motion**

16 |      15.    I immediately set to work to complete the Trust's opposition to the
17 | Motion.  I already had completed relevant research, an initial draft of the Trust's
18 | statement of undisputed and disputed facts and legal argument, and declarations.

19 |      16.    However, when I started to input the Trust's responses to Rahimi's
20 | undisputed facts, I discovered that the declarations he had provided were unsigned,
21 | that there were missing exhibits, and that I had not received a request for judicial
22 | notice referenced in the caption.  Attached hereto as **Exhibit 1** are true and correct
23 | copies of July 11, 2018 emails I sent to Mr. Sittler asking for the signed
24 | declarations, missing exhibits, and Rahimi's request for judicial notice.  I believed
25 | that if I received those documents promptly I could complete the Trust's portion of
26 | the Motion so that it could be filed timely on July 12, 2018.

27 |      17.    Of course, at that point I did not know how extensively the final papers
28 | in support of the Motion differed from the drafts that I had received from Rahimi's

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/1331438.1

16

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

1 | counsel.

2 |     18.    I received no response from Mr. Sittler to the emails attached hereto as

3 | Exhibit 1.

4 |     19.    At 9:14 p.m. on July 11, 2018, I again emailed Mr. Sittler, telling him

5 | that if I didn't receive the final declarations and other material quickly I could not

6 | finish the Trust's portions of the Motion.  A true and correct copy of that email is

7 | attached hereto as **Exhibit 2**.  I did not receive a response from Mr. Sittler that

8 | night.  I checked my email at approximately 3:00 a.m. on July 12, 2018, and still

9 | had received no response.

10 |     20.    In addition, the memorandum of points and authorities that counsel had

11 | provided did not have completed evidentiary citations.  The incomplete citations and

12 | absence of the request for judicial notice were not insurmountable obstacles;

13 | however, the absence of final declarations and exhibits were.

14 |     21.    At 7:58 a.m. on July 12, 2018, I notified Mr. Sittler by email that the

15 | Trust had stopped work on the opposition due to not having the missing documents,

16 | advising him as follows:

17 |     Ron:

18 |             I have stopped work on completing our portion of the motion for summary judgment.  I tried to reach you
19 | yesterday concerning the missing elements of your motion, but was unsuccessful.  Without those elements I
20 | cannot finalize our portion, and there no longer is time to do so.  I last tried to contact you at 9:14 p.m. last night
21 | (email below), and checked late last night and early this morning for a response, but received none.  The missing
22 | elements are as follows:

23 |     1.    Final, signed Rahimi declaration

24 |     2.    Final signed Sittler declaration.

25 |     3.    Exhibit 46 referenced in paragraph 17 of the unsigned Rahimi decl. and Fact Nos. D-23 to 28.

26 |

27 |     4.    Exhibit 49 referenced in paragraph 8 of the Rahimi decl. and Fact No. D-5.

28 |     5.    Exhibit 47 referenced in paragraph 8 of the Rahimi

17

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

decl. and Fact No. D-6.

6.     The separate statement, Fact No. D-14, cites paragraph 28 of the Rahimi declaration, which does not exist in the unsigned declaration.

7.     Fact No. D-37 cites paragraph 10 of the Sittler declaration, which does not exist, and the fact is not evidenced in paragraph 10 of the Rahimi declaration.

8.     The blanks in Rahimi's portion of the joint memorandum to paragraph cites to the unsigned declarations are not filled in with paragraph cites. I had expected that could be fixed easily, but upon discovering that the separate statement cites paragraphs that do not exist, and noticing that Rahimi's blank signature line is on a separate page from the last page of his declaration, which ends at line 2, I now suspect that at least his unsigned declaration was incomplete.

A true and correct copy of that email is attached hereto as **Exhibit 3**.

22.     I did not hear back from counsel for Rahimi until noon on July 12, 2018, when we had a brief conversation about the format of the separate statement, but did not discuss the missing documents because Mr. Sittler was at the dentist and could not speak at length. Finally, at 1:26 p.m. on July 12, 2018, Mr. Sittler emailed Rahimi's missing exhibits to me. A true and correct copy of that email is attached hereto as **Exhibit 4**. It was not until 2:38 p.m. that counsel for Rahimi emailed the Trust Rahimi's executed declaration. A true and correct copy of that email is attached hereto as **Exhibit 5**. The executed declaration was substantively different from the unsigned declaration that Rahimi had transmitted with the Motion originally. Lastly, at 3:59 p.m., counsel for Rahimi transmitted an executed version of his declaration. A true and correct copy of that email is attached hereto as **Exhibit 6**.

23.     On the morning of July 13, 2018, I learned that the Motion had been filed shortly after midnight on July 13, 2018, after the July 12, 2018, deadline.

**C.     Substantive Differences Between the Papers that Rahimi Provided the Trust Before Filing the Motion and the Motion**

24.     Attached hereto as **Exhibit's 7 and 8**, respectively, are true and correct

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1                                                      18

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

copies of the unfiled Separate Statement of Undisputed Facts (the "USUF") that I received from Mr. Sittler and the filed separate statement (the "FSUF"), with indications of their differences. The USUF and the SUF contain significant differences. Matter in the USUF that does not appear in the FSUF is crossed out on the USUF. New matter is highlighted in the SUF. The differences my office identified are as follows:

- Fact Nos. D-4, D-37, D-43, D-52 and D-53 from the Unfiled SUF were omitted from the Filed SUF.

- The evidentiary citations in the Filed SUF to Fact Nos. D-5, D-13, D-15, D-21, D-22, D-31, D-35, D-36, D-37 (which now contains a citation to paragraph 6 of the Sittler declaration, which paragraph does not exist in the previously-provided unsigned declaration or the filed declaration), and D-43 have changed.

- Fact No. D-44 in the Filed SUF appears in a different place than it does in the Unfiled SUF, where it is part of a longer "fact" that appears to have been omitted.

25.    In addition, Fact No. D-14, cites paragraph 28 of the Rahimi declaration, which does not exist in the unsigned declaration, and Fact No. D-37 cites paragraph 10 of the Sittler declaration, which does not exist, and the fact is not evidenced in paragraph 10 of the filed Rahimi declaration.

26.    True and correct copies of the Unfiled Rahimi declaration that I received and the filed declaration are attached hereto as **Exhibits 9 and 10**, respectively, with matter that does not appear in the filed declaration crossed out in Exhibit 9 and new matter highlighted in **Exhibit 10**.

27.    The filed Rahimi Declaration omits substantial portions of paragraphs 7, 14 and 15, 23, 24, and 26, and all of paragraph 28 that were in the unfiled Rahimi Declaration. Paragraphs 14, 15, 23 and 24 of the filed Rahimi Declaration contain substantial text that is not in the unfiled version.

28.    The request for judicial notice filed with the Motion was not provided to the Trust before it was filed.

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/1331438.1                                                19
PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION

29.    Attached hereto as **Exhibit 11** is a true and correct copy of the unfiled declaration of Ronald Sittler, which is unsigned.

30.    Upon examining the filed Motion I now realize that even if I had received it on July 11, 2018, I could not have completed the opposition because of the significant differences between it and the papers that Rahimi served before filing the Motion.  It took significant time to identify the substantive differences and would take time to identify the extent to which they change the substance of the motion and to address those changes, including whether the changes will require additions to the testimonial and documentary evidence supporting the opposition or further investigation.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States.  Executed on July 16, 2018 at Los Angeles, California.


ss/  Stephen D. Rothschild
Stephen D. Rothschild

3982.066/1331438.1                                        20

PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR LEAVE TO OPPOSE MOTION