KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiff and Counter-Defendant Tom Whalley, Trustee of the Afeni Shakur Trust

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TOM WHALLEY, TRUSTEE OF THE AFENI SHAKUR TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>GHOBAD M. RAHIMINEDJAD aka GOBI M. RAHIMI, an individual, and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV 2:17-3445 FMO (MRWx)<br><br>**JUDGMENT** |

The Court having granted the motion of plaintiff Tom Whalley, Trustee of the Afeni Shakur Trust ("plaintiff"), to enforce the settlement reached in open court on February 12, 2019, (the "Agreement") against defendant Ghobad M. Rahiminedjad aka Gobi M. Rahimi ("defendant"), and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment shall be and hereby is entered in favor of plaintiff and against defendant as follows:

1. No later than March 3, 2020, defendant shall (a) turn over to plaintiff

3982.066/1554102.1

1 the negatives, prints, photographs, and audio and video tapes in his possession, custody or control of and relating to Tupac Shakur that are at issue in the instant action, including, but not limited to, the property as to which plaintiff and Tracy Robinson registered copyrights (collectively, the "Material"), and (b) deliver to plaintiff executed assignments of the copyrights in the Material, without any reservation of any rights. Defendant shall not retain any rights to the Material expect as expressly stated herein.

2. No later than March 6, 2020, plaintiff shall pay defendant the sum of Two Hundred Twenty-Five Thousand Dollars ($225,000).

3. Defendant may use the photographs or prints in controversy for sale or display in fine art galleries or other comparable venues for high-quality celebrity portraits. All profits from these displays or shows will go to defendant, and no further consent is necessary from defendant, and there will be no involvement by the defendant.

4. Plaintiff will provide a letter to defendant confirming that the above-entitled action has settled, and that a fine art display and sales will be permitted. That letter will not be publicly distributed or published.

5. Plaintiff will provide digital scans of the photographs at issue to defendant, and access to negatives of the photographs as needed for fine art shows.

6. Defendant shall be deemed to have represented and warranted that other than the testimony of Tracy Robinson in the above-entitled action, and other than Frederique Berrera, defendant is not aware of any other claims to ownership of the Material.

7. This Court retains jurisdiction to enforce this Judgment, including jurisdiction to award sanctions and attorney's fees, if defendant engages in further efforts to delay or obstruct execution of the settlement agreement he entered into, and the Court may reconsider plaintiff's request for fees and sanctions as well as award additional fees and sanctions.

8.     In any future dispute over an alleged breach of the Agreement attorney fees shall be awarded to the prevailing party.

Dated this 16th day of March, 2020.

_____      _____   /s/_____
Fernando M. Olguin
United States District Judge