KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiff and Counter-Defendant Tom Whalley, Trustee of the Afeni Shakur Trust

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TOM WHALLEY, TRUSTEE OF THE AFENI SHAKUR TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>GHOBAD M. RAHIMINEDJAD aka GOBI M. RAHIMI, an individual, and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV 2:17-3445 FMO (MRWx)<br>[*Hon. Fernando M. Olguin Presiding*]<br><br>**EX PARTE APPLICATION TO SERVE PARTY WITH COUNSEL OF RECORD DIRECTLY WITH MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT**<br><br>Action Commenced: May 5, 2017<br>Trial:                          October 16. 2018 |

TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Tom Whalley, Trustee of the Afeni Shakur Trust (the "Trust"), hereby applies, *ex parte*, for an order permitting it to serve defendant Ghobad M. Rahiminedjad aka Gobi M. Rahimi ("Rahimi") directly, either by mail or personally, with the following:

The Trust's motion for an order to show cause why Rahimi should not be held

3982.066/3061766.1

in contempt of this Court's judgment entered herein on March 17, 2020 [Doc 107] and supporting declarations of Aaron Carey, Molly Monjauze and Stephen D. Rothschild; and

  The Trust's *ex parte* application to file certain material under seal.

  The application is pursuant to Fed.R.Civ.P. 5(b)(1), which provides that "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

  The grounds for the motion are that Rahimi's attorney of record no longer represents him, but has not withdrawn as counsel of record. Therefore, although Rahimi is no longer represented by an attorney, out of an abundance of caution the Trust seeks an order permitting it to serve Rahimi directly.

  This application is based on this application, the memorandum of points and authorities and declaration of Stephen D. Rothschild attached hereto, the Court's file herein, and on such other matter or argument as may be presented in support of the application.

DATED: April 24, 2025    KING, HOLMES, PATERNO & SORIANO, LLP

By:  /s/ Stepehen D. Rothschild
   STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff and Counter-Defendant Tom Whalley, Trustee of the Afeni Shakur Trust

# MEMORANDUM OF POINTS AND AUTHORITIES

The Trust seeks an order permitting it to serve defendant Ghobad M. Rahiminedjad aka Gobi M. Rahimi ("Rahimi") by mail pursuant to Fed.R.Civ.P. 5(b)(1) and (b)(2)(C) with the following pleadings:

(1)  The Trust's motion for an order to show cause why Rahimi should not be held in contempt of this Court's judgment entered herein on March 17, 2020, [Doc 107] and supporting declarations of Aaron Carey, Molly Monjauze and Stephen D. Rothschild (the "Motion"), copies of which, without hearing dates inserted, are attached hereto as Exhibit 1 (Motion)[1], Exhibit 2 (Carey declaration), Exhibit 3 (Monjauze declaration) and Exhibit 4 (Rothschild declaration), and the proposed order on the Motion (Exhibit 5); and

(2)  The Trust's *ex parte* application to file certain material under seal (the "Application"), a copy of which is attached hereto as Exhibit 6, and the proposed order thereon (Exhibit 7).

The gravamen of the Motion is that Rahimi has retained, sold, and otherwise sought to profit from property that the March 17, 2020, judgment required him to turn over to the Trust. The property consists of original videos, sound recordings and photographs of the late recording artist Tupac Shakur.

Fed.R.Civ.P. 5(b)(1) provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." However, service on an attorney who has "disappeared" is ineffective. See *Vindigni v. Mayer*, 441 F.2d 376, 378-379 (2d Cir. 1971) ("[s]urely once it became known that Ennis had disappeared, notice of action proposed or taken should also have been sent to plaintiff personally. In the absence of a court order directing such service, the defendant's attorneys were at fault for failing to do what common sense required").

---

[1] Exhibits are to the attached declaration of Stephen D. Rothschild.

Here, Rahimi's counsel of record prior to entry of the Judgment was Michael R. Shapiro, who is still listed as Mr. Rahimi's counsel on this Court's docket. Mr. Shapiro has advised counsel for the Trust that he no longer represents Rahimi. (Declaration of Stephen D. Rothschild, ¶ 5.) However, since Mr. Sittler is still listed as Rahimi's counsel on this Court's docket, out of an abundance of caution the Trust seeks the Court's permission to serve Rahimi directly.

Pursuant to Rule 5(b)(2)(c), a person may be served with post-complaint pleadings by "mailing it to the person's last known address—in which event service is complete upon mailing."

The Trust has two last known addresses for Rahimi, the home where he conducted a sale of property that he was supposed to turn over to the Trust, and a business address that appears on an invoice that he generated in connection with that sale. Both addresses appear on a Westlaw PeopleMap report as Rahimi's most recent addresses. (*Id.*, ¶ 6.)

Accordingly, the Trust requests that the Court grant the instant application and allow the Trust to serve Rahimi with the Motion and the Application by mail at his last known addresses.

DATED: April 24, 2025

KING, HOLMES, PATERNO & SORIANO, LLP

By: /s/ Stephen D. Rosthchild
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff and Counter-Defendant Tom Whalley, Trustee of the Afeni Shakur Trust

# DECLARATION OF STEPHEN D. ROTHSCHILD

I, Stephen D. Rothschild, declare:

1. I am an attorney licensed to practice before this Court and am a partner of King, Holmes, Paterno & Soriano, LLP, attorneys for plaintiff Tom Whalley as Trustee of the Afeni Shakur Trust (the "Trust"). I have personal knowledge of the matters below and could and would testify to them if asked.

2. I make this declaration in support of the Trust's *ex parte* application to serve defendant Ghobad M. Rahiminedjad aka Gobi M. Rahimi ("Rahimi") directly by mail with the Trust's motion for an order to show cause why Rahimi should not be held in contempt (the "Motion"), and the Trust's application to file certain material under seal (the "Application").

3. Copies of the Motion papers are attached hereto as follows:

   a. Exhibit 1--Notice of Motion and Motion
   b. Exhibit 2--Declaration of Aaron Carey
   c. Exhibit 3—Declaration of Molly Monjauze
   d. Exhibit 4—Declaration of Stephen D. Rothschild
   e. Exhibit 5—Proposed Order on the Motion

4. Copies of the Application papers are attached hereto as follows:

   a. Exhibit 6—the Application
   b. Exhibit 7—Proposed Order on the Application

5. On April 17, 2025, I called Michael R. Shapiro, who is listed as Rahimi's counsel of record on the Court's docket herein. Mr. Shapiro stated that he no longer represents Rahimi.

6. One of Rahimi's violations of the Judgment was to sell material he was required to turn over to the Trust to a third party. I am informed and believe that the material was picked up from a house located in Culver City, California. An invoice that Rahimi transmitted in connection with that sale, under the name Static Free Films, which I understand is a name through which Rahimi does business, included

the address 6230 Wilshire Blvd., Suite 1142, Los Angeles, California 90048.  On April 8, 2025, I conducted a Westlaw PeopleMap search using Rahimi's name. Both of those addresses appear on the report that Westlaw generated as Rahimi's most recent addresses.

7. Therefore, if the Court grants the instant application, my office will serve the Motion and the Application on Rahimi by mail at those addresses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2025, at Los Angeles, California.

*/s/ Stephen D. Rothschild*
Stephen D. Rothschild