UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TOM WHALLEY, TRUSTEE OF THE AFENI SHAKUR TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> GHOBAD M. RAHIMINEDJAD aka GOBI M. RAHIMI, an individual, and DOES 1 through 10, inclusive, <br><br> Defendant. <br><br> ——————————————— <br><br> AND RELATED COUNTERCLAIMS | CASE NO. CV 2:17-3445 FMO (MRWx) <br><br> **STIPULATED AMENDED JUDGMENT** |

Plaintiff Tom Whalley, Trustee of the Afeni Shakur Trust (the "Trust") and defendant Ghobad M. Rahiminedjad aka Gobi M. Rahimi ("Rahimi") having entered into a written settlement agreement executed on January 27, 2026 (the "Agreement"), and, in accordance with its terms, having stipulated to amend the judgment entered herein on March 16, 2020 [DOC 107] (the "Judgment"), as set forth below, and good cause appearing therefor, the Judgment is hereby amended as follows:

3982.066/3183608.1

1.      No later than 5:00 p.m. five calendar days from execution of the Agreement by the Parties, Rahimi shall immediately deliver to the offices of the Trust's counsel, King, Holmes, Paterno & Soriano, LLP, 1900 Avenue of the Stars, 25th Flr., Los Angeles, California 90067, all materials subject to the Judgment (the "Property") that are in his possession or custody, or within his control.

3.      Rahimi shall not at any time sell or otherwise convey, whether or not for consideration, any images, audio, or audiovisual recordings of Tupac Shakur subject to the Judgment, or from any source, except as provided in paragraph 6, below.

4.      If Rahimi comes into possession, custody, or control of any other Property, he shall immediately deliver it to counsel for the Trust, identified above.

5.      Within ten calendar days of the execution of the Agreement, Rahimi shall permanently delete all copies of Property from all electronic devices in his possession, custody, or control.

6.      Notwithstanding the foregoing, Rahimi may print, from the 20 scans previously provided, ten prints for personal use only.  Rahimi shall not sell, give, or release such prints or copies of them to any person or entity other than his children, on condition that his children shall not sell, give, or release the prints or copies of the prints to any person or entity.

7.      No later than seven calendar days after the execution of the Agreement, Rahimi shall delete the previously provided 20 scans from all electronic devices in his possession, custody, or control.

8.      No later than ten calendar days from the Parties' execution of the Agreement, Rahimi shall provide to the Trust a declaration under penalty of perjury in the form attached hereto as Exhibit 1, which shall include the following:

a.       a complete inventory of all Property in his possession, custody or control as of his execution of this Agreement;

b.      an affirmation all such Property has been delivered to the Trust's

KING, HOLMES, PATERNO & SORIANO, LLP

3982.066/3183608.1                                          2

counsel;

c.      an affirmation that he has deleted all copies or Property from all devices in his possession, custody or control;

d.      a list of all sales of Property since entry of the Judgment, including buyers, buyers' contact information, dates of sales, material sold, and price paid;

e.      a list of all instances since entry of the Judgment in which Rahimi has provided copies of the Property to third parties, including the identity of the recipients, what was provided, and when it was provided; and

f.      any other information described or indicated in Exhibit 1.

9.      This Amended Judgment shall suspend indefinitely enforcement of the Court's November 7, 2025, Order [DOC 150] (the "Order"), including collection of the $42,000 owed to the Trust, and including the Trust's right to seek attorney's fees, costs, or other expenses against Rahimi in connection with the Trust's motion for an order to show cause re: contempt [DOC 113], and the Order may be reinstated only upon the filing of a motion to reinstate it and the Court's finding of good cause, good cause to include (1) a finding that Rahimi knew or should have known that any statement in the Declaration was false, (2) any further violations of the Judgment, including as modified by the Amended Judgment; or (3) any failure to turn over Property subject to the Judgment.

12.      The Trust shall pay Rahimi a royalty of five percent (5%) of its receipts after deduction of dealer or other commissions and direct fees and expenses from sales at physical fine art gallery and museum exhibits of fine art prints of Property subject to the Judgment, provided that the Trust shall be under no obligation to conduct such sales or to conduct them in any particular manner.

13.      Should the Trust and Rahimi reach an agreement for Rahimi to turn over other property in his possession, custody, or control that was created in the course of producing Tupac Shakur music videos while Shakur was signed to Death Row Records (the "Death Row Video Material"), the Trust shall pay Rahimi a fee of

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/3183608.1                                  3

at least $15,000.

14.    The Trust and persons acting on its behalf shall not make, cause, or direct any person or entity to make any negative, detracting, derogatory, or un-favorable statements, regardless of truthfulness, concerning Rahimi, except as necessary in judicial proceedings to enforce the Agreement, the Judgment, or this Amended Judgment.

15.    Rahimi shall not make, cause, or direct any person or entity to make any negative, detracting, derogatory, or un-favorable statements, regardless of truthfulness, concerning the Trust, the Shakur Estate, Tom Whalley or Molly Monjauze, except as necessary in judicial proceedings to enforce the Agreement, the Judgment, or this Amended Judgment.

16.    The foregoing two paragraphs apply only to statements relating to the matters resolved by the Agreement, the Judgment, and this Amended Judgment.  It does not impose any restriction on speech or conduct unrelated to Judgment-Related Property.

17.    Notwithstanding the foregoing, no Party is prohibited from referencing:

a.    the fact that the instant Action was filed, with reference to named Parties only;

b.    the fact that a settlement was reached;

c.    the fact that the Judgment and Amended Judgment were entered, and the terms of the Judgment and Amended Judgment; or

d.    the fact that the Agreement was executed.

18.    This Amended Judgment does not restrict Rahimi's ability to discuss Tupac Shakur publicly, including his experiences with Tupac Shakur, or to otherwise exploit Rahimi's life rights or comply with contractual obligations concerning them, so long as any such discussions, exploitations and obligations do not violate this Agreement, including, but not limited to, the non-disparagement and other limitations on Rahimi's conduct and activities contained in this Agreement.

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/3183608.1

4

19.    Magistrate Judge Margo A. Rocconi, or such other person as the Court may appoint, shall retain jurisdiction to assist the parties in resolving any disputes that may arise concerning enforcement of the Agreement, the Judgment, or this Amended Judgment, and, if the Parties later agree, to assist the Parties in coming to a voluntary agreement concerning certain Death Row Records Video Material, or any other further agreement.

20.    Paragraphs 3 and 5 of the Judgment are hereby stricken.

Dated this __3rd__ day of February, 2026.

/s/<br>
Fernando M. Olguin<br>
United States District Judge

KING, HOLMES,
PATERNO &
SORIANO, LLP

3982.066/3183608.1